# PACHECO *v.* HUNSACKER.

IN trespass against a Sheriff, the Court below, on plaintiff's motion, may order a special jury to try the case, instead of the regular panel. The Sheriff, being interested, ought not to summon a jury. And, there being no Coroner, an Elisor may be appointed to summon the jury.

The statute, (Wood's Digest, Tit. Jurors, 512,) vests the ordering of a trial jury in the discretion of the Court.

Action against Sheriff for seizing plaintiff's wheat, as the property of one Andeque. Evidence tending to show that the wheat was grown on the land of plaintiff, and in his possession; that A. was on the land only to raise and harvest the crop; that the grain was cut and stacked on the premises; that plaintiff was entitled to one-third by the contract between him and A.; that A. sold to plaintiff and delivered possession, and then abandoned the premises, plaintiff residing thereon. A. took no further control of premises or crops, and plaintiff assumed entire dominion of both. *Held*, that plaintiff was not bound to abandon his

premises, or carry the grain beyond them, to protect his title against creditors of·A.; that there was no error in refusing to instruct the jury, that there was no evidence that the sale from A. to plaintiff was accompanied by an immediate delivery of the property, and followed by an actual and continued change of possession thereof.

Nor was there error in the refusal to instruct the jury, that, if there was a particular partnership between A. and plaintiff in wheat-raising, to end when A. had sacked the grain, then a sale before sacking, and while A. had the right to the land where the grain was, could be no valid transfer and sale, unless the grain were removed to other land, or to the actual possession of the plaintiff.

Such instruction assumes, that the law requires a possession different from that of plaintiff; and, further, that there was a lease of the land, to continue so as to give A. possession of that portion where the grain was sacked; and ignores the possession of plaintiff, his acts and dominion.

APPEAL from the Seventh District.

Complaint avers that defendant, on the 16th of August, 1858, seized a quantity of wheat "in the straw," amounting to thirty tuns of wheat, when prepared and ready for market, and took it from the possession of plaintiff, the owner.

Answer admits the seizure, and avers, that it was done by defendant, in his capacity of Sheriff, by virtue of a writ of attachment, issued at the suit of *Dutil* v. *V. Andeque;* that he sold the undivided two-thirds interest in the wheat on the 3d September, as perishable property, for four hundred and ninety-five dollars; that, at the time of seizure, Andeque had a leviable interest in the wheat, and that Dutil was *bona fide* creditor, etc.

The wheat was in five stacks, and was left by the Sheriff in charge of a keeper until the day of sale. At the sale, the Sheriff announced that he only sold the undivided two-thirds interest of Andeque. Plaintiff was present and notified the Sheriff, that, if he sold, he, plaintiff, would abandon his one-third, and claim the whole value of the Sheriff.

The purchaser at the sale afterwards went on to the land, threshed out the whole of the five stacks, and kept the wheat. The Sheriff retained the four hundred and ninety-five dollars, to abide the event of this suit.

A few days before the seizure by the Sheriff, Andeque sold to plaintiff these five stacks, pointing them out specifically, executed a bill of sale, left the ranch, and did not return. The evidence of possession is stated, substantially, by the Court.

The Court below, among other things, instructed the jury,

9

Pacheco *v.* Hunsacker.

that the plaintiff was entitled to recover, if at all, the value of all the grain taken.

The jury found for plaintiff fourteen hundred and fifty-seven dollars, judgment accordingly, and defendant appeals.

*J. B. Carr* and *H. Allen,* for Appellant.

By the plaintiff's own showing, there was a formal sale of the five stacks of wheat by Victor Andeque, to the plaintiff, a very short time before the defendant levied the attachment at the suit of Dutil. The stacks had not been removed from the place where Andeque had placed them on the same land where the wheat was raised. The plaintiff had not placed any fence around them; there was no visible change of ownership; not so much as a written notice, not the least mark by which creditors might know of the sale to the plaintiff. The sale was void as against the creditors of the vendor. (Wood's Dig. 107, Sec. 15; *Richards* v. *Schroder,* 10 Cal. 431; 2 Bouvier's Law Dic. 338.)

2. The Court erred in charging the jury that the true measure of damages was the value of the whole of the five stacks of wheat. The defendant levied upon and sold only the undivided two-thirds of the five stacks, giving notice at the time of the sale expressly, that he did not sell the other one-third.

The true measure of damages is the value of the interest levied on and sold by the defendant. (Sedgw. on Damages, 522, 523.)

The taking of the one-third was not the natural consequence of the Sheriff's sale of the other two-thirds. If the two-thirds sold were the property of the defendant in an attachment, then the Sheriff, as tenant in common, would have a legal right to take the whole and sell the individual share of Andeque, and remove and deliver the whole to the.purchaser at Sheriff sale. (3 Denio, 127.)

3. The amount of damages rendered by the jury was several hundred dollars more than the amount of damages proved at the trial.

*M. S. Chase,* for Respondent.

1. The Court below had full authority upon principle, and express power by statute, to order a special jury to be summoned. (Wood's Digest, Tit. Jurors, 512, Sec. 16.) Every intendment is in favor of the regularity of the proceedings of the Court be-

low. (*Grewell* v. *Henderson*, 7 Cal. 290.) The appointment of an Elisor was proper. (*Wilson* v. *Roach*, 4 Cal. 360; Wood's Digest, 684, Sec. 57.)

2. The Sheriff should have proceeded by garnishment, if it be held that the interest attached was not capable of manual delivery. (Wood's Digest, 183, Sec. 125, Subdiv. 4; Secs. 126, 127.) But if the interest was capable of manual delivery, then the Appellant was bound by the statute to take the whole into his custody, and make delivery to the purchaser. (Wood's Digest, 183, Sec. 125, Subdiv. 2; Id. 197, Sec. 227.) The wheat being in the straw, was not divisible, nor susceptible of exact ascertainment.

The declaration of the officer at the time of sale, restrictive of the amount of the interest sold, amounts to nothing; he should do his legal duty and the law presumes he did it, and that was to deliver the whole wheat to the purchaser, in order to effect a manual delivery of the undivided portion sold, and to hold, if he saw fit, the purchaser, responsible to him (the officer) for the share not sold.

3. As to the Court's refusal to give the instructions asked, there was no error, for there was some evidence of both immediate delivery and continued and actual change of possession; and, therefore, the refusal was proper. Besides, the change of possession was clearly proven by the immediate abandonment of the premises by Andeque on the day of his sale.

4. As to the last instruction asked, it was hypothetical, irrelevant to the proofs, and assumptive of facts not in evidence. (*Thorne* v. *Cal. Stage Co.* 6 Cal. 232; *People* v. *Henley*, 8 Id. 390; *Branger* v. *Chevalier*, 9 Id. 353; Wood's Digest, 107, Sec. 23.)

BALDWIN, J. delivered the opinion of the Court—COPE, J. concurring.

This action was trespass against the defendant as Sheriff, for seizing and taking away certain grain, the property of plaintiff.

1. The first error assigned is that the Court below ordered a special jury to be summoned, instead of trying the case by the regular panel. But there is nothing in this objection. The Sheriff being the party interested, there was an obvious propriety, if the plaintiff insisted on it, in trying the case by a jury, in

the selection of which, he had no agency.    The statute, (Wood's Digest, Tit. Jurors, 512, Sec. 16,) seems to leave the ordering of a trial jury to the discretion of the Court, to be governed by its sense of the necessity of so doing.    We do not see any abuse of this discretion in this instance.    There being no Coroner, the appointment of an Elisor to perform this service was proper.

2.    The Court did not err in refusing to instruct the jury that there was no evidence that the sale from Victor Andeque to the plaintiff was accompanied by an immediate delivery of the property, and followed by an actual and continued change of possession thereof.    We think the Court would have invaded the province of the jury in giving this charge.    There was evidence tending to show that the property in dispute was grown upon the land of plaintiff, and in his possession; that Andeque was only on the land for the purpose of raising and harvesting the crop; that the grain was cut and stacked on the premises; that Pacheco was entitled to one-third by the terms of the contract; that Andeque sold to the plaintiff and delivered possession, and then abandoned the premises, the plaintiff residing thereon; and after the sale, Andeque took no further control, and had nothing further to do on the premises or with the crop, and that the plaintiff assumed the dominion and control of the grain, as he then had of the land on which it grew and was stacked.

Under these circumstances, the plaintiff was not bound to abandon his premises, or carry the grain beyond them, in order to perfect his title as against the creditors of his vendor.

3.    Nor did the Court err in refusing the other instruction, which was, that if there was a particular partnership between Andeque and plaintiff in wheat-raising, to end when Andeque had sacked the grain, then a sale before such sacking, and while Andeque (the vendor) had the right to the land where the grain was, could not be a valid transfer and sale if the grain still remained on the land leased, and was not removed to other land or to the actual possession of the plaintiff.

Several objections occur to this instruction.    It assumes that there was a leasing of the land, which does not appear in the contract; it assumes that this lease continued, or was to continue, so as to give possession to Andeque of the land, and of that portion of the land on which the grain was stacked; and it

ignores the possession by the plaintiff of the premises, and his acts of control and dominion; and, besides, it contravenes the proposition as to the necessity of any other possession than that taken by the plaintiff.

4. We think there was no error as to the rule of damages. If the plaintiff was entitled to recover, he was entitled to the value of all the grain taken, and we understand the instruction as given on the hypothesis of his right, as claimed.

The evidence does not warrant us in holding that the damages were excessive.

Judgment affirmed.